IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

CHAD MANNING,                              §
on behalf of himself and all others        §
similarly situated,                        §
                                           §
                    Plaintiff,             §
                                           §    CIVIL ACTION NO: 2:14-cv-213
        vs.                                §
                                           §
HALLIBURTON ENERGY SERVICES, INC.          §
d/b/a HALLIBURTON                          §
                                           §
                                           §
                    Defendant.             §

## COMPLAINT

Plaintiff Chad Manning, on behalf of himself and all others similarly situated, for his Complaint against Halliburton Energy Services, Inc. d/b/a Halliburton states and alleges as follows:

### SUMMARY

1.      Halliburton Energy Services, Inc. d/b/a Halliburton (hereinafter "Defendant") required and/or permitted Chad Manning (hereinafter "Plaintiff") and other similarly situated employees to work in excess of forty hours per week but refused to compensate them properly for such hours.

2.      Defendant's conduct is in violation of the Fair Labor Standards Act ("FLSA"), which requires employers to compensate non-exempt employees for their overtime work. See, 29 U.S.C. § 207(a).

COMPLAINT                                                                          1

3.     Plaintiff Chad Manning and other similarly situated employees are FLSA non-exempt workers who have been denied overtime pay required by law, for which they now seek recovery.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     Venue is proper in the Northern District of Texas because Defendant engages in business here and Plaintiff worked her.

## THE PARTIES

6.     Plaintiff Chad Manning is a resident of Mesquite, Texas.  Mr. Manning's written consent to this action is attached as Exhibit "A."

7.     The Class Members are Defendant's salary paid tool service operators employed at any time during the three year period immediately preceding the filing of this suit.

8.     Defendant Halliburton Energy Services, Inc. d/b/a Halliburton is a Delaware corporation doing business in Texas.   Service of process may be had on Defendant through its registered agent:  Capitol Corporate Services, Inc. 800 Brazos St., Suite 400, Austin, Texas, 78701.

## COVERAGE

9.     Defendant is an enterprise that engages in commerce or in the production of goods for commerce.

10.     Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

11.     Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

12.     Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

### FACTUAL ALLEGATIONS

13.     Defendant develops and provides oil and gas exploration, development and production products, and services to upstream oil and gas customers throughout the world.

14.     Plaintiff and the Class Members are or were employed by Defendant as Tool Service Operators ("operators").

15.     Plaintiff and Class Members did not receive overtime compensation for hours exceeding forty in a workweek.

16.     Defendant paid Plaintiff and Class Members a salary plus a non-discretionary bonus.

17.     Defendant has improperly classified Plaintiff and Class Members as exempt for FLSA purposes.

### CLASS ALLEGATIONS

18.     Plaintiff has actual knowledge that other Class Members have been denied overtime pay for hours worked over forty hours in a workweek.

19.     Although Defendant has suffered, permitted, and/ or required Plaintiff and Class Members to work in excess of forty hours per week, Defendant has denied them full compensation for their hours worked over forty.

20.     Plaintiff and Class Members perform or have performed the same or similar work.

COMPLAINT                                                                                   3

21.     Class Members are similar to Plaintiff in terms of pay structures and the denial of overtime pay.

22.     Defendant's failure to pay overtime compensation at the rates required by the FLSA results from a single decision, policy or plan and does not depend on the personal circumstances of the Class Members.

23.     Plaintiff's experience is typical of the experiences of the Class Members.

24.     The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

25.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

26.     Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

27.     The class of similarly situated plaintiffs is properly defined as follows:

> **All persons employed by Defendant as Tool Service Operators from October 14, 2011, to the present.**

### CAUSES OF ACTION

28.     Plaintiff incorporates all allegations contained in the preceding paragraphs.

29.     At all relevant times Plaintiff and Class Members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

30.     Defendant's failure to pay overtime compensation to Plaintiff and Class Members violates the FLSA.

31.     Accordingly, Plaintiff and Class Members are entitled to compensation for overtime hours worked.

32.     Additionally, Plaintiff and Class Members are entitled to an amount equal to their unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

33.     Defendant has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

34.     Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiff and Class Members are entitled to an award of prejudgment interest at the applicable legal rate.

35.     Plaintiff and the Class Members are entitled to have the limitations period extended to three years because Defendant's actions were willful.  29 U.S.C. § 216(b).

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him and Class Members:

A.     overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rates, including non-discretionary per diem bonuses;

B.     an equal amount as liquidated damages as allowed under the FLSA;

C.     damages accrued for a three year period;

D.     reasonable attorneys' fees, costs, and expenses of this action as provided by the

COMPLAINT                                                                                                   5

E.   pre-judgment and post judgment interest at the highest rates allowed by law; and

F.   such other relief as to which Plaintiff and Class Members may be entitled.

Respectfully Submitted:

THE YOUNG LAW FIRM, P.C.
Jeremi K. Young, State Bar No. 24013793
Rachael Rustmann, State Bar No. 24073653
1001 S. Harrison, Suite 200
Amarillo, Texas 79101
(806) 331.1800
Fax:  (806) 398.9095
jyoung@youngfirm.com

By: /s/ Jeremi K. Young
         Jeremi K. Young

*Attorneys for Plaintiff & Class Members*

COMPLAINT                                                                          6